IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEBORAH PURIFOY                                                                                    PLAINTIFF

v.                                      Civil No.  1:13-cv-01074

ARKANSAS HIGHWAY AND
TRANSPORTATION DEPARTMENT et al.                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Plaintiff's Complaint.  ECF No. 1.  Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  For the following reasons, it is the recommendation of the undersigned that the above-styled case be dismissed without prejudice.

**I.   BACKGROUND**

On October 15, 2013, Plaintiff filed her Complaint against Defendants, the Arkansas Highway and Transportation Department, Wanda Ashley, and Wayne Green.  ECF No. 1.  With her Complaint, Plaintiff also filed a motion to proceed *in forma pauperis*.  ECF No. 2.  Based upon Plaintiff's assets and income, the Court denied this motion and ordered Plaintiff to pay the filing fee by December 11, 2013.  ECF No. 4.

On December 10, 2013, Plaintiff paid the filing fee of $400.00.  Plaintiff, however, did not serve Defendants.  Five months elapsed.  On May 21, 2014, the Honorable Judge Susan O. Hickey gave Plaintiff until June 21, 2014 to perfect service on Defendants.  ECF No. 6.  Plaintiff did not comply with that directive.  Instead, on May 29, 2014, Plaintiff filed a motion requesting assistance

with service. *Id.*

On September 24, 2014, the Court denied that motion for assistance and directed Plaintiff as follows:

> **Further, Plaintiff must serve each Defendant by October 31, 2014. If Plaintiff does not serve Defendants by October 31, 2014, the Court may recommend this case be dismissed without prejudice for failure to prosecute in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.**

ECF No. 8 (emphasis in the original).

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)).

Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## III. DISCUSSION

As demonstrated above, Plaintiff has failed to comply with the orders of the Court. Notably, December 10, 2013, Plaintiff paid the filing fee in this matter but did not serve Defendants. Five months later, after Plaintiff had more than sufficient time to serve Defendants, Plaintiff was given an extension on her deadline to serve Defendants and was directed to serve them by June 21, 2014. ECF No. 6. Plaintiff did not serve Defendants by June 21, 2014.

To give Plaintiff yet another opportunity to serve Defendants, the Court extended that deadline to October 31, 2014.  ECF No. 8.  That date has now passed, and Plaintiff has still not served Defendants.  Accordingly, because Plaintiff has failed to comply with the orders of the Court by failing to serve Defendants, the Court recommends Plaintiff's case be dismissed without prejudice.

**IV.   CONCLUSION**

For the foregoing reasons, I recommend the above-styled case be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with orders of the Court.  *See* FED. R. CIV. P. 41(b).

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED THIS 12th day of November 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE